PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|   |   |
|---|---|
| ANN EVANS, | ) CASE NO. 5:16CV00613 |
| Plaintiff, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| NORTHEAST OHIO CARDIOVASCULAR SPECIALISTS, INC., | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 15, 16, 17, 18, 20, 21, 22, and 25] |
| Defendant. | ) |

Pending are *pro se* motions filed by Plaintiff Ann Evans (ECF Nos. 15, 20, 21, 22, and 25) and related addendum (ECF No. 19) seeking various forms of relief from the Court regarding the terms of settlement in this action.  Also pending are motions for leave to withdraw as counsel (ECF No. 16) and to deem attorney-client privilege waived and for extension of time to file response (ECF No. 17) filed by counsel for Plaintiff—Attorney Chris Wido and The Spitz Law Firm, LLC.  In addition, Defendant Northeast Ohio Cardiovascular Specialists, Inc. has filed a motion for leave to file opposition to Plaintiff Ann Evans' *pro se* motions under seal and a motion to seal all responsive pleadings (ECF No. 18).

The Court has been advised, having reviewed the record, the parties' filings and the applicable law.  Moreover, on January 13, 2017, the Court held a Telephonic Status Conference with Plaintiff Ann Evans, counsel for Plaintiff, counsel for Defendant, and counsel for Interested Party Attorney Ryan J. Morley to discuss the status of settlement and the facts underlying the

(5:16CV00613)

pending motions on the docket. *See* Mins. of Proceeding. The Court deferred ruling on the pending motions until the time of this writing to allow Plaintiff to confer with counsel and to determine whether agreement on the terms of settlement to which Plaintiff takes issue can be reached. *Id.* As of the time of this writing, *pro se* Plaintiff Ann Evans has informed the Court that a settlement agreement has not been reached. *See* ECF No. 25.

The pending motions are ripe for adjudication. The Court rules as follow.

**Plaintiffs' Pro Se Motions**

The Court grants Plaintiff Ann Evans' *pro se* Motion to Reopen Case (ECF No. 15). Plaintiff shall retain new counsel within thirty (30) days of the issuance of this order. Unless and until new counsel for Plaintiff makes an appearance, Plaintiff shall proceed *pro se*. A separate Case Management Conference Scheduling Order will issue. If Plaintiff fails to comply with the requirements of the Court's orders and rules governing civil litigation, this action will be subject to dismissal.

Pursuant to Federal Rule of Civil Procedure 15, Defendant shall reply or otherwise respond to Plaintiff Ann Evans' *pro se* Motion to Amend Complaint (ECF No. 15).

With regard to the remaining *pro se* motions filed by Plaintiff Ann Evans, the Court rules as follows:

- Plaintiff's *pro se* Motion to disqualify attorneys is denied (ECF No. 15).

- Plaintiff's *pro se* Motion for extension of time of 30 days for Plaintiff to find alternative counsel is denied as moot (ECF No. 15).

- Plaintiff's *pro se* Motion for sanctions is denied (ECF No. 15).

2

(5:16CV00613)

- The Court denies as moot or not otherwise actionable Plaintiff's *pro se* Motion for Order: to force attorneys to pay future litigation costs and not receive any fees; find Notice of Settlement in Principle unenforceable; find any agreements between current counsel and plaintiff unenforceable; find current attorneys committed fraud; review and approve Confidential Settlement Agreement; and grant Defendant seven (7) days to accept the Confidential Settlement Agreement filed by Plaintiff Ann Evans (ECF No. 15).

- The Court denies as moot or not otherwise actionable Plaintiff's *pro se* "Motion not to seal records, Deny attorney requests to defend sanctions, Reopen Case, Find the 'Settlement in Principle' non-enforceable, Add SUMMA/NEOCS retaliation on the original complaint, future litigation costs to be paid by attorneys(firms), and Impose sanctions, discharge all attorneys(firms) currently involved in case" (ECF No. 20).

- The Court denies as moot or not otherwise actionable Plaintiff's *pro se* Motion to "Please grant the Plaintiff Ann Evans access to electronic Pacer filing and notification" (ECF No. 21).  Plaintiff does not need an order of the Court to access PACER.  The PACER website is:  https://www.pacer.gov/.  PACER is available to anyone who registers for an account, including *pro se* litigants.  The link to register for PACER is:  https://pacer.psc.uscourts.gov/pscof/registration.jsf.

3

(5:16CV00613)

- The Court denies as moot or not otherwise actionable Plaintiff's *pro se* Motion to "Please add Attorney Brian Spitz and the Spitz Law Firm to the representing Plaintiff Attorneys" (ECF No. 22).

- The Court denies as moot or not otherwise actionable Plaintiff's *pro se* Motion "(1) to enforce settlement agreement after removing broad definition of company; specif[y]ing agreement between NEOCS and Ann Evans (2) Reopen case if agreement not enforced with retaliation added to claim" (ECF No. 25).

- The Court also denies *pro se* Plaintiff Ann Evans' request "to review all email evidence, that [Plaintiff] can submit within 7 days if needed before making a decision."  ECF No. 25 at PageID #: 230.  The Court requires no further evidence from Plaintiff to render its ruling.

**Motions Filed by Attorney Chris Wido & The Spitz Law Firm**

The Court grants the Motion for Leave to Withdraw as Counsel (ECF No. 16) and denies as moot the Motion for Extension of Time to File Response to Plaintiff Ann Evan[s'] *Pro Se* Motion (ECF No. 17).

Attorney Chris Wido and The Spitz Law Firm, LLC have also moved the Court to deem attorney-client privilege waived (ECF No. 17) on grounds that "Ms. Evans opted to attach several privileged documents to her motion[s and] has made several specious, but serious allegations against counsel" to which "counsel should be permitted to cite [along with] other privileged documents in his defense" pursuant to Ohio R. Prof. Cond. 1.6 and Ohio Rev. Code § 2317.02 (A).  Because the Court has ruled on Plaintiff Ann Evans' *pro se* motions obviating the need for

4

(5:16CV00613)

a response from Attorney Wido and The Spitz Law Firm and their motion to deem attorney-client privilege waived so that counsel may defend itself against the allegations contained in Plaintiff Ann Evans' *pro se* motions, the request is denied as moot.

**Defendant's Motions to Seal**

Defendant Northeast Ohio Cardiovascular Specialists, Inc. and its counsel Ryan J. Morley move the Court for leave to file their Opposition to the *pro se* motions filed by Plaintiff Ann Evans and to file documents in support under seal. ECF No. 18. In addition, Defendant and Attorney Morley move the Court : (1) to retroactively seal Plaintiff's *pro se* motions, (2) seal any responsive filings already filed by any party, and (3) require all future responsive filings to be filed under seal. *Id.* Defendant and Attorney Morley also seek leave to file their Opposition to Plaintiff's *pro se* motions within two (2) business days of this Court's ruling on their Motion to Seal. *Id.*

While trial Courts strive to maintain open dockets by avoiding unnecessary sealing, at times sealing is required to protect the interest of the parties and avoid disclosure of failed negotiations. *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178–79 (6th Cir.1983 ). The Court grants Defendant and Attorney Morley's motion to retroactively seal the *pro se* motions and addendum filed by Plaintiff Ann Evans (ECF Nos. 15, 19, 20, 21, and 22), the responsive pleadings filed by Attorney Wido and The Spitz Law Firm (ECF Nos. 16, 17), and the responsive pleading filed by Defendant and Attorney Morley (ECF No. 18) because

(5:16CV00613)

they reveal possible terms of settlement and otherwise do not aid in the resolution of the lawsuit on the merits.

Having ruled on Plaintiff's *pro se* motions in this writing, the Court denies as moot Defendant and Attorney Morley's motion to require all future responsive filings to be filed under seal. Additionally, to the extent that Defendant and Attorney Morley seek leave to file opposition to Plaintiff Ann Evans' *pro se* motions and to file any opposition under seal the request is denied as moot.

If good reason is provided, the Court will consider Defendant's motion for leave to file under seal its response to Plaintiff's Motion to Amend Complaint (ECF No. 15).

Plaintiff's most recent filing, including attachments, ECF No. 25, is hereby sealed by order of the Court, as it reveals settlement terms.

    IT IS SO ORDERED.

| | |
|---|---|
|  January 17, 2017  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson<br>United States District Judge |